## No. 22168.

Times-Call Publishing Co., et al. *v.* Wingfield, et al.

(410 P.2d 511)

Decided January 31, 1966.

SCHMIDT, VAN CISE, FREEMAN & TOOLEY, for plaintiffs.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, for defendants.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which the above named plaintiffs filed in this court a "Complaint in Mandamus" the prayer of which was that we issue a rule directed to the defendants to show cause why this court should not issue a writ of mandamus requiring defendants, and each of them, to give to plaintiffs and their agents and representatives, during regular business hours and at reasonable times so as not to interfere with court hearings or trials in the below described action, access to and right of inspection of all the pleadings and other records contained in the court file in the action in the county court in and for the County of Boulder, State of Colorado, No. 1069, captioned "Mary Jean Hall, Roger Trujillo, and Gloria Koss, Plaintiffs, vs. Board of Education, School District RE-1J, headquartered in the City of Longmont, County of Boulder, State of Colorado, and also known as the St. Vrain Valley School District, and the following persons in their capacity as Directors and members of the Board, Arthur R. Stromquist, Hal F. Hall, William E. Spencer, Jr., et al., Defendants," with the privilege of making such copies and notes therefrom as plaintiffs may desire from time to time.

The rule was issued and the defendants, appearing by the attorney general, have filed "Defendants' Answer and Response to Rule to Show Cause." The material facts are not in dispute. In brief summary they are as follows:

The plaintiff corporation is engaged in publishing a

newspaper in Longmont, Colorado, and the other plaintiffs are electors and taxpayers residing in a school district in Boulder county in which a school bond election was held on December 14, 1965. On December 24, 1965, a notice of intention to contest the election was filed in the county court of Boulder county by three residents of the school district, none of whom are parties to this proceeding. Summonses have issued in that election contest and have been served on the members of the Board of Education of the school district, and an answer has been filed in the county court. Clifford Aspgren, clerk of the county court, acting under the direction of the two judges of the court, has refused the requests of representatives of the plaintiff publishing company to inspect the notice of intention to contest the election and other pleadings and papers on file in the office of the clerk of the county court with relation to the election contest.

The complaint in this court alleges, and it is not denied, that the defendant Wingfield claims that his action, in denying access to such pleadings by representatives of the press serving the community concerned, is required by a Colorado statute, C.R.S. 1963, 35-1-1, which states:

"(1) * * * clerks of the * * * county courts shall keep their respective offices at the county seat of the county and in the office provided by the county. * * * All books and papers required to be in their offices shall be open to the examination of any person, but no person, except parties in interest, or their attorneys, shall have the right to examine pleadings or other papers filed in any cause pending in such court."

Wingfield further stated that he will continue to deny access to such pleadings unless and until he is ordered by higher court authority to make these pleadings available for examination by representatives of Times-Call.

It is argued in support of the position of plaintiffs that the writ of mandamus should be made absolute because:

1. The above referred to statute, originating in 1885, was certainly not intended to bar the press from access to pleadings and court records in civil actions involving matters of public interest such as school bond election contests.

2. At the most, the statute in question merely provides the county court with a veto on access to pleadings where the court, in its reasonable discretion, deems it in the best interests of the litigants and the court; and a denial of access in this instance, and in this type of action, constitutes an arbitrary and unwarranted abuse of discretion.

3. In view of the recent amendment to Article VI of the Colorado Constitution, transferring most of the former jurisdiction of the then county courts to the district courts, including, among others, the type of matters (juvenile, mental health, domestic relations, probate) intended to be kept private by the statute, and the transfer to the new county courts of the former justice court matters (the justice of the peace courts not being covered under 35-1-1), there is serious doubt whether the statute applies to county courts as presently constituted.

4. Times-Call, in view of its position as the news distributor for and under a duty to report the facts on matters of public interest in this locality (the area included in this school district), is a "party in interest" and has a right to examine the pleadings, or, if not technically a "party in interest," the action by defendants under the circumstances is an abuse of discretion wholly improper and arbitrary and against the public interest.

5. The individual plaintiffs, as residents of the school district, are "parties in interest" in matters pertaining to the school district, which is itself a party defendant in the action.

6. The statute violates the Colorado constitutional provision (Article III) relating to the separation of

powers of government, and amounts to an invasion by the legislature into an area which lies exclusively with the judicial branch of the government, namely, the administration of the district and county courts of the state.

The answer of the Attorney General contains the following statement:

"The defendants' interpretation of the last sentence of the statute was that it prohibited judges and clerks of courts of record from allowing persons, other than parties in interest or their attorneys, to examine pleadings or other papers filed in their court. Another interpretation of that sentence would be that although persons not parties in interest or their attorneys, did not have the absolute right to examine such pleadings or other papers, they could be allowed to do so at the discretion of the court. It is conceivable that there would be cases in which there would be an interference with the proper administration of justice if anyone, other than parties in interest or their attorneys, could examine the pleadings and papers in any case pending in a court of record. Therefore, it is provided that persons generally do not have such a right.

"Applying the above latter interpretation to the case in which permission to examine the pleadings and other papers is desired by the plaintiffs herein, and granting that the case is of wide public interest, we do not believe it would be an abuse of discretion to permit the examination requested. Therefore, if this court is of the opinion that the latter interpretation of the statute is the correct one, the defendants are willing to grant the plaintiffs permission to examine the subject pleadings and papers.

"Should the defendants' interpretation which is the first mentioned herein be adjudged by this court to be the correct one, we submit that the defendants acted lawfully in refusing the examination and that the relief prayed for in the complaint should be denied."

It has long been established in this and other

jurisdictions that no inquiry will be made concerning the constitutionality of an act of the legislature if the controversy being considered by the court can be decided on other grounds. *Lipset v. Davis,* 119 Colo. 335, 203 P.2d 730. Another salutary principle is that,

"In determining whether an Act of the legislature is constitutional, courts must presume that it was passed with deliberation and with full knowledge of all existing law dealing with the same su'bject. A statute should be construed in a manner to harmonize it with existing constitutional provisions if it is reasona'bly possible to do so. * * *"
*Cooper Motors v. Commissioners,* 131 Colo. 78, 279 P.2d 685.

▆ The interpretation which defendants gave to the statute involved in this case would raise serious questions of constitutional law involving freedom of the press and the separation of governmental power. The interpretation suggested by the attorney general, namely, "That although persons not parties in interest, or their attorneys, did not have the absolute right to examine such pleadings or other papers, they could be allowed to do so at the discretion of the court," involves no such difficulty. We adopt that interpretation and hold that the statute does not mean that judges and clerks of courts of record are prohibited from allowing persons other than parties in interest or their attorneys to examine the pleadings or other papers on file in such courts. The defendants readily agree that if this court holds that the statute does not impose upon them a prohibition they would consent to the requested examination by the plaintiffs.

▆ Admittedly, the election contest hereinabove referred to is a matter of wide public interest in the area served by the plaintiff corporation. Times-Call Publishing Company, in the discharge of its duty to report fairly the facts on matters of public interest to the residents of the school district, was entitled to examine the

papers filed in the election contest, and, under the interpretation of the statute which we announce in this opinion, to refuse permission to examine the pleadings and other papers on file would be an abuse of discretion on the part of the defendants.

Accordingly, the rule is made absolute.