## No. C-343

Eugene Cervi & Co., a Colorado corporation, d/b/a Denver Daily Reporter, Inc. v. William F. Russell, M.D. and Colorado Department of Health

(519 P.2d 1189)

Decided March 18, 1974.

Gorsuch, Kirgis, Campbell, Walker and Grover, Leonard M. Campbell, Howard J. Beck, for plaintiff-appellant.

Lyle E. Miller, William J. Phillips, for defendant-respondent.

John P. Moore, Attorney General, John E. Bush, Deputy, William Tucker, Assistant, for intervenor-respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted certiorari to review the decision of the Court of Appeals in *Cervi & Co. v. Russell,* 31 Colo. App. 525, 506 P.2d 748 (1972), affirming the judgment of the District Court of Jefferson County. Cervi brought its action seeking a mandatory injunction against Russell, as the local registrar of vital statistics, to compel him to furnish certain requested information from birth and death certificates which Russell had refused to provide. The Colorado Department of Health, the official custodian of vital statistics records, intervened in support of Russell. The issue was tried on stipulated facts. The trial court entered judgment dismissing the complaint. The Court of Appeals in a well reasoned opinion affirmed. We granted certiorari because of Cervi's contention that the Court of Appeals' construction of the controlling statute was in conflict with our decision in *Times-Call v. Wingfield,* 159 Colo. 172, 410 P.2d 511 (1966). Alternatively, Cervi suggests that access to the requested information is a right protected by the First Amendment to the United States Constitution.

After our review of petitioner's arguments, we conclude that the Court of Appeals correctly resolved these issues.

The facts are detailed in the opinion of the Court of Appeals and need not be repeated here. Suffice it to say, that, relying on the Colorado Open Records Act, 1969 Perm. Supp., C.R.S. 1963, 113-2-1, *et seq.*, the petitioner requested the respondent Russell to furnish certain information contained in birth and death certificates. Russell's refusal was premised on the statutory mandate of confidentiality. 1967 Perm. Supp., C.R.S. 1963, 66-8-17. This lawsuit was commenced to compel compliance with the request.

■■ In disposing of the petitioner's contentions, the Court of Appeals analyzed the pertinent statutes and concluded that the petitioner did not have the "direct and tangible interest" required to bring it within the exception to the confidentiality statutorily imposed on vital statistics records by 66-8-17.

The following statutes hold the answer to the question of whether the information contained in birth and death certificates is available to the public, or to a newspaper for dissemination to a specific class of commercial clients and to the general public, or whether it is confidential:

"It is declared to be the public policy of this state that all public records shall be open for inspection by any person at reasonable times, except as provided in this article or as otherwise specifically provided by law." 1969 Perm. Supp., C.R.S. 1963, 113-2-1.

"All public records shall be open for inspection by any person at reasonable times, except as provided in this article, or as otherwise provided by law, . . . ." 1969 Perm. Supp., C.R.S. 1963, 113-2-3(1).

"Vital statistics records shall be treated as confidential, but the department of public health shall, upon request, furnish to any applicant having *a direct and tangible interest* in a vital statistics record a certified copy of any record registered under the provisions of this article . . . . For any search of the files and records when no certified copy is made, there shall be paid by the applicant a fee of two dollars for each hour or

fractional hour of time of search . . . ." 1967 Perm. Supp., C.R.S. 1963, 66-8-17. (Emphasis added.)

■ Our research has not suggested any improvements on the construction of "direct and tangible interest" found in the Court of Appeals' opinion where Chief Judge Silverstein stated,

"As used in the statute, an 'applicant having a direct and tangible interest' is one who has a significant legal relationship to the person who is the subject of the record."

It does not appear that either Cervi or any of its subscribers who would use the information for commercial purposes has a direct and tangible interest which would entitle them to the information under the above test.

The Court of Appeals also concluded, as to the First Amendment argument, that:

"The freedom of the press and Cervi's right to publish and disseminate birth and death information are not at issue here. The only issue is Cervi's right to receive this information from the department of public health and the duty of that department to preserve the confidential nature of its records. Cervi is at liberty to publish the information, but must obtain it from other sources."

■ We agree with the Court of Appeals' reasoning and its conclusion. The First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally. *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Zemel v. Rusk,* 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965). This is true here where the information sought is personal in nature, and is to be published primarily for commercial purposes.

The only matter raised here which does not appear to have been considered by the Court of Appeals is the alleged conflict of its opinion with that in *Times-Call Publishing Co. v. Wingfield, supra.* The *Times-Call* decision, involving the right to inspect all pleadings and records contained in court files, is distinguishable.

In *Times-Call* the Clerk of the County Court, acting under

the direction of the judges of the court, refused to permit a Times-Call reporter and others who were electors and taxpayers of a school district to examine the pleadings in an action involving the contest of a school district bond election. The refusal was based on C.R.S. 1963, 35-1-1 which limited the right to examine pleadings or other papers in a lawsuit to "parties in interest, or their attorneys."

This court held that the statute did not absolutely prohibit examination of pleadings and other papers filed in the action by persons not technically "parties in interest." We held that defendant judges had discretion to consent to the requested examination where the subject matter of the lawsuit was a matter of wide public interest. In this context, to refuse examination was held to be an abuse of discretion.

In the instant case, the registrar of vital statistics is a ministerial officer who, unlike a judge, has but limited discretion in the performance of his duties. His discretion is limited to that which is specifically delegated to him by the general assembly. The delegated discretion must, therefore, be found in the statute. Here, that discretion is limited to furnishing the information to an "applicant having a direct and tangible interest," and as noted above, petitioner does not have the requisite "significant legal relationship."

The two cases are further distinguishable by the difference in the nature of the information sought to be obtained — the pleadings in a school bond election contest *vis a vis* the contents of a birth or death certificate. In the former, the information was of general public concern because the outcome of the litigation would directly affect every taxpayer in the district. In the latter, the information relating to births and deaths has no direct effect upon the general public, and the overwhelming majority of births and deaths are not matters of "wide public interest." Petitioner's reliance on *Times-Call* is inapposite.

The judgment of the Court of Appeals is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.