John R. Enright Director Colorado Bureau of Investigation Department of Local Affairs 2002 S. Colorado Blvd. Denver, CO 80222
Dear Mr. Enright:
I am writing in response to your request for a formal legal opinion regarding whether the Department of Health (vital statistics) may legally furnish the Colorado Bureau of Investigation with information from records documenting deaths reported in Colorado. It is my understanding that the Colorado Bureau of Investigation needs the full name, date of birth, race, sex, social security number, date of death and county of death of each decedent whose name appears in the Bureau's records, in order to remove those individuals' names from the arrest history and fugitive status files which the bureau maintains for all Colorado law enforcement agencies.
QUESTION PRESENTED AND CONCLUSION
Does the Colorado Bureau of Investigation, as an applicant for vital statistics records, have the "direct and tangible interest" in the information required by C.R.S. 1973, 25-2-117 (1982 repl. vol. 11) for the release of the records by the Department of Health?
 The Colorado Bureau of Investigation has such an interest and therefore, the Department of Health is required to provide the Bureau with the records when requested to do so.
ANALYSIS
The Department of Health maintains records of deaths reported in Colorado pursuant to the requirements of the "Vital Statistics Act," C.R.S. 1973, 25-2-101 et seq. (1982 repl. vol. 11). Section 25-2-103 establishes a central registry for vital statistics within the Department of Health. Section 25-2-104
requires the state registrar to register each statistical event upon receipt of each properly completed vital statistics report or certificate. The release of these reports is governed by C.R.S. 1973, 25-2-117 (1982 repl. vol. 11), which states, in part:
 Vital statistics records shall be treated as confidential, but the department of health shall, upon request, furnish to any applicant having a direct and tangible interest in a vital statistics record a certified copy of any record registered under the provisions of this article.
This statute was interpreted by both the Colorado Court of Appeals and the Colorado Supreme Court in Eugene Cervi Co.v. Russell, 31 Colo. App. 525, 506 P.2d 748 (1972)aff'd, 184 Colo. 282, 519 P.2d 1189 (1974). The courts recognized that the portion of the section which provides that "vital statistics records shall be treated as confidential," exempts such records from access by the general public. Both courts concluded that the phrase "applicant having a direct and tangible interest," was a term of limitation meaning "one who has a significant legal relationship to the person who is the subject of the record." The courts determined that an applicant who sought to use vital statistics information for commercial purposes did not have a sufficient interest to allow for access to the vital statistics records.
The Colorado Bureau of Investigation has a "significant legal relationship" to those individuals who are the subjects of its records. This relationship is created in the bureau's authority to establish and maintain certain records. C.R.S. 1973, 24-32-412 (1982 repl. vol. 10) states:
(1) The bureau has the following authority:
 (c) To establish and maintain fingerprint, crime, criminal, fugitive, stolen property, and other identification files and records;. . . .
In order to properly maintain and update its arrest history and fugitive status files, the bureau must have access to the information contained in the death certificates and records held by the Department of Health. This need establishes the "direct and tangible interest" required by section 25-2-117 for disclosure.
In addition, the bureau's interest in the information differs significantly from the "commercial purpose" found unacceptable inCervi. The Bureau's use of the information would be limited to the revision of its statutorily authorized records and would not violate the intention in section 25-2-117 for confidential treatment of vital statistics records.
SUMMARY
Upon request, the Colorado Department of Health is required by C.R.S. 1973, 25-2-117 (1982 repl. vol. 11) to release records documenting deaths reported in Colorado to the Colorado Bureau of Investigation because the bureau has a "direct and tangible interest" in records of those individuals included in the arrest history and fugitive files maintained by the bureau.
Very truly yours,
 DUANE WOODARD Attorney General
VITAL STATISTICS DEATH OPEN RECORDS PUBLIC INFORMATION PRIVILEGED INFORMATION
C.R.S. 1973, 25-2-117 (1982 repl. vol. 11) C.R.S. 1973, 24-72-201 et seq. (1982 repl. vol. 10)
AFFAIRS, LOCAL, DEPT. OF Colo. Bureau Investigation
HEALTH, DEPT. OF
The Colorado Bureau of Investigation has a direct and tangible interest in the vital statistics death records for those individuals included in the arrest history and fugitive files maintained by the bureau. Therefore, the Department of Health is required by C.R.S. 1973, 25-2-117 (1982 repl. vol. 11) to provide the bureau with the records when requested to do so.