Joseph P. Natale Executive Secretary Public Employees Retirement Association 1300 Logan Street Denver, Colorado 80203
Dear Mr. Natale:
This opinion is in response to your June 4, 1984 letter in which you request a formal legal opinion concerning the calculation of benefits payable to judges who leave the bench before becoming eligible to receive immediate payment of PERA benefits, and select a deferred annuity payable at a later date. Your letter inquires which subsection of section 24-51-607, C.R.S. (1982) applies to calculation of annuity benefits for judges serving on the bench as of July 1, 1973 who leave the bench before attaining the age of 65, and select a deferred annuity.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. May a judge serving on the bench on July 1, 1973, who has since terminated and elected a deferred annuity, receive such annuity calculated pursuant to section 24-51-607(2), C.R.S. (1982), if he does not begin receiving until age 65?
 1. Yes, a judge serving on the bench on July 1, 1973, who has since terminated and elected a deferred annuity may receive such annuity calculated pursuant to section 24-51-607(2), C.R.S. (1982) if he does not begin receiving the annuity until he has attained age 65.
2. May a judge serving on the bench on July 1, 1973, who has since terminated and elected a deferred annuity, receive an unreduced deferred annuity calculated pursuant to section24-51-607(2), C.R.S. (1982), prior to age 65?
 2. No, a judge serving on the bench on July 1, 1973, who has since terminated and elected a deferred annuity, may not receive an unreduced deferred annuity prior to attaining age 65. The judge may receive a reduced annuity prior to age 65 calculated pursuant to section 24-51-607(2), C.R.S. (1982) reduced by the formula contained in section 24-51-607(3) or (4), C.R.S. (1982), whichever is applicable to the individual judge.
3. If a judge serving on the bench on July 1, 1973 elects a deferred annuity which begins prior to age 65, and such benefit is not calculated pursuant to section 24-51-607(2), C.R.S. (1982), may the judge, upon reaching age 65, then receive benefits payable under section 24-51-607(2), C.R.S. (1982)?
 3. No, a judge who elects a reduced deferred annuity to begin prior to age 65 and who has been receiving such an annuity may not claim unreduced benefits under section 24-51-607(2), C.R.S. (1982) upon attaining age 65. His annuity should be calculated pursuant to section 24-51-607(2), C.R.S. (1982) reduced by the formula contained in section 24-51-607(3) or (4), C.R.S. (1982), whichever is applicable to the individual judge.
4. Beginning in February 1984 PERA has granted retirement benefits for judges serving on the bench on July 1, 1973 who have since terminated and elected a deferred annuity to begin prior to age 65, by applying the calculations set forth under subsection (3) or (4) of section 24-51-607, C.R.S. (1982), if such former judges met the age and service requirements, and were beginning to receive their deferred annuities before age 65. If this is not correct, must any of those benefits be recalculated?
 4. Yes. Based on the conclusions stated above, those benefits should be recalculated pursuant to section 24-51-607(2), C.R.S. (1982) reduced by the formula contained in section 24-51-607(3) or (4), C.R.S. (1982), whichever is applicable to the individual judge; and if an increase results the member should be paid at the higher monthly annuity figure.
5. The remainder of the questions submitted by you may be answered by application of the conclusions stated above.
ANALYSIS
Title 24, article 51, part 6 of the Colorado Revised Statutes, and principally section 24-51-607, C.R.S. (1982), governs retirement benefit eligibility and calculation of those benefits for judges of courts of record in Colorado. It is clear from the statutory language that a judge who meets the definition of "member" contained in section 24-51-607(1) is eligible for an unreduced deferred annuity payable at age 65. It is also clear from the language of section 24-51-607(2) that a judge who was serving on the bench on July 1, 1973 and who subsequently terminated and elected an unreduced deferred annuity to begin at age 65, is entitled to calculation of that unreduced annuity pursuant to the formula set forth in subsection (2).
However, in order to determine eligibility for, and calculation of, a reduced annuity to begin prior to age 65, it is necessary to examine subsections (3) and (4) of section 24-51-607, C.R.S. (1982). Subsection (3) specifically governs reduced deferred annuities which may begin when a member judge attains the age of 60. The relevant portions of subsection (3) are set forth below:
 Any such annuity payable at age sixty-five with five or more years of service credit may, at the option of the member, be paid to such member prior to sixty-five years of age if said member is at least sixty years of age and has five or more years of credited service; but said annuity shall be reduced by an amount equal to 0.5833 of one percent of the annuity multiplied by the number of months and fraction of a month in the period from the beginning date of the annuity to the date the member would have been eligible for retirement for unreduced superannuation under the provisions of this article had such member continued service until eligible for said retirement annuity . . . . In lieu of the provisions of this subsection (3), such member shall be entitled to the benefit payable under subsection (2) of this section if such benefit is greater and if such member is eligible under said subsection (2).
Subsection (4) contains similar language to that in subsection (3) but applies in a situation where a member has twenty credited years of service and elects a deferred annuity to begin as early as age 55.
The principal question presented is whether this last quoted sentence of subsection (3) entitles a judge eligible for an unreduced annuity under subsection (2) to have a reduced annuity also calculated under subsection (2). In resolving this question, I am guided by the cardinal principle that ambiguities in statutes regulating pension and retirement funds are to be construed in favor of the employee. Taylor v. PublicEmployees Retirement Association, 189 Colo. 486, 542 P.2d 383
(1975). Statutes are to be liberally construed in such a manner as to carry out their beneficent purposes and to achieve a consistent, harmonious and sensible effect. Section 2-4-212, C.R.S. (1980); Eugene Cervi Co. v. Russell, 31 Colo. App. 525,506 P.2d 748 (1972), aff'd, 184 Colo. 282,519 P.2d 1189 (1974); Seibel v. Colorado Real EstateCommission, 34 Colo. App. 415, 530 P.2d 1290 (1974).
Applying these principles, I conclude that a judge who meets the definition contained in subsection (2) may elect to receive a reduced annuity prior to attaining age 65, and that such reduced annuity should be calculated for final average salary purposes pursuant to subsection (2) reduced by the formula contained in subsection (3) or (4), whichever applies to the individual judge.
If a member elects an option under subsection (3) or (4) to begin receiving a reduced deferred annuity prior to age 65 his annuity cannot later be changed to an election to receive "full" benefits at age 65. The member has elected his form of annuity and cannot later change this annuity once the first annuity check has been cashed or 60 days from date of issuance of such check has elapsed, whichever is earlier. Section 24-51-608(1), C.R.S. (1982).
PERA should recalculate the reduced deferred annuity benefits for those judges who elected to receive such benefits prior to attaining age 65. If the recalculation under the guidelines contained above yields a higher annuity amount then that higher amount should be paid to the member both as to future monthly benefits and as to any past monthly benefits. SeeStewart v. Public Employees Retirement Association,43 Colo. App. 25, 612 P.2d 1141 (1979).
SUMMARY
A judge serving on the bench on July 1, 1973 who has since terminated and elected a deferred annuity may receive such annuity calculated pursuant to section 24-51-607(2), C.R.S. (1982) if he does not begin receiving the annuity until age 65. If this judge elects to begin receiving a reduced annuity prior to attaining age 65 then the reduced annuity should be calculated pursuant to subsection (2) and reduced by the formula contained in subsections (3) or (4), whichever is applicable to the individual judge.
Once the annuity is elected and the first annuity check has been cashed or 60 days have passed from the date of the check's issuance, whichever occurs earlier, then no change in the plan of payment of the annuity may be made.
The reduced deferred annuities of judges currently receiving benefits should be recalculated by PERA under the guidelines set forth in this opinion and any resulting increase in benefits should be paid.
Very truly yours,
 DUANE WOODARD Attorney General
RETIREMENT SYSTEMS JUDGES' RETIREMENT JUDGES
Section 24-51-607, C.R.S. (1982)
PERA PENSION PLANS
Judge serving on the bench on July 1, 1973 who terminates and elects a deferred annuity may receive a reduced deferred annuity prior to age 65 calculated pursuant to section 24-51-607(2), C.R.S. (1982) reduced by formula in section 24-51-607(3) or (4), C.R.S. (1982).