Susan Marie PACHOTA, Petitioner,

v.

The DISTRICT COURT FOR the EIGHTH JUDICIAL DISTRICT, State of Colorado, and the Honorable John–David Sullivan, one of the Judges thereof, Respondents.

No. 90SA295.

Supreme Court of Colorado,
En Banc.

Feb. 11, 1991.

---

Susan Marie Pachota, Children's Legal Clinic, Denver, petitioner pro se.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Diane Eret, First Asst. Atty. Gen., Denver, for respondents.

Chief Justice ROVIRA delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, petitioner Susan Marie Pachota seeks a writ of mandamus compelling the respondent Judge John–David Sullivan to authorize and order an additional payment of $3,505[1] to compensate her for services she provided as a court-appointed guardian ad litem and $4,087.50[2] for attorney's fees incurred in preparing and filing this original proceeding. We issued a rule to show cause why the relief requested should not be granted, and now make the rule absolute, and remand to the trial court for further proceedings.

## I

This dispute involves the fee awarded to Pachota who was appointed in July 1989 as guardian ad litem for C.C., an adolescent residing in Larimer County. C.C. had moved from Arizona to Colorado with his adoptive mother before his adoption was complete. In May 1988, C.C.'s adoption was finalized by an Arizona judge while C.C. was residing in Colorado.

In August 1988, C.C.'s adoptive mother placed him in a hospital and refused to provide financial assistance. Subsequently, she transferred C.C. to the Cleo Wallace Center, a child and adolescent psychiatric facility and refused to allow him to return to her home. The State of Arizona paid for C.C.'s care at the Cleo Wallace Center, but would not pay for C.C.'s medical or dental care. When the Cleo Wallace Center informed the State of Arizona that C.C. should be transferred to a less structured setting, Arizona stated that no funds were available beyond his current placement and that the state had no further responsibility for C.C. Subsequently, the Cleo Wallace Center contacted the Larimer County Department of Social Services (LCDSS) to obtain intervention and protective services for C.C. The LCDSS refused to seek legal custody of C.C. or to file a dependency and neglect action. The LCDSS's position was that the State of Arizona remained responsible for C.C.'s welfare. No person or agency represented C.C. until July 1989, when Pachota's motion requesting that she be appointed guardian ad litem was granted.

As guardian ad litem, Pachota requested Larimer County District Court Commissioner Joseph Coyte to order the LCDSS to file a dependency and neglect action, but he refused her request. In January 1990, Pachota petitioned this court for an extraordinary writ, pursuant to C.A.R. 21, to order a dependency and neglect action. The LCDSS opposed the petition, arguing that Arizona remained responsible for C.C.'s welfare because he had moved from that state prior to the finalization of the adoption proceedings. The LCDSS wanted first to secure Arizona's agreement to retain responsibility for C.C., and thereafter file a dependency and neglect action and take other measures to return C.C. to Arizona, his home state. Petitioner's writ was subsequently rendered moot and accordingly dismissed in March 1990, when the LCDSS filed a dependency and neglect action after securing an agreement with Arizona to retain responsibility for C.C.

In February 1990, Pachota sought a fee of $4,000 for the guardian ad litem services

---

**1.** Pachota was awarded $1,000.

**2.** The fee of $4,087.50 is based on the petitioner's claim that this original proceeding required 54.5 hours at a rate of $75 per hour.

that she provided in this case. On March 6, 1990, the juvenile commissioner denied the full request, and instead awarded Pachota $1,000. Pachota moved for reconsideration by the respondent judge, arguing that extraordinary circumstances existed that required extensive time and effort on her part, such as the January 1990 petition for writ of mandamus. She sought an additional $3,505.[3] The respondent denied the motion on May 24, 1990 without a hearing or explanation.

Pachota now seeks an order from this court compelling the respondent to award her fees for acting as guardian ad litem of C.C. and a fee of $4,087.50 for the time, talents, and energy she has expended in her effort to collect her compensation.

## II

The guidelines for the payment of fees to court-appointed guardians ad litem are contained in the Chief Justice Directives (CJD), which are policy statements promulgated pursuant to this court's general power over the administration of the Colorado judicial system.

CJD 89-2 specifies that $500 is the maximum fee allowed for guardian ad litem cases that proceed without a trial. A greater sum may be requested by submitting a detailed itemization of hours spent on the case. CJD 89-3. A judge must carefully review all orders for payment submitted for approval. *Id.* Chief Justice Directive 89-3(c) allows fees in excess of the maximum established by CJD 89-2 upon a finding of extraordinary circumstances. In determining whether an award in excess of the maximum is merited, a judge should consider whether special circumstances required additional time be spent on the case including, but not limited to, whether the case required extensive legal research or factual investigation. *Id.*

An order for the payment of fees in excess of the maximum fee under CJD 89-2 must include a statement of reasons setting forth the specific special circumstances that justify a fee in excess of the maximum fee. *Id.* "[O]nce fees in excess of the maximum are awarded, the trial court must make factual findings justifying those fees, regardless of whether that figure is the total claimed by the attorneys or some lesser amount fixed by the court." *Bye v. District Court of Larimer County,* 701 P.2d 56, 62 (Colo.1985).

The juvenile commissioner awarded Pachota $500 in excess of the $500 maximum specified in Chief Justice Directive 89-2 for guardian ad litem cases proceeding without a trial, and the respondent upheld this award. Yet, the order did not contain the required statement of the reasons setting forth the special circumstances justifying that fee. Since there is no statement justifying the extra fee, it is necessary to remand this matter to the respondent for specific findings concerning Pachota's request. In addition, the respondent may increase the compensation awarded for guardian ad litem services, if, after conducting a hearing, it finds that special circumstances exist.

The rule to show cause is made absolute and the case is remanded to the district court with directions to conduct further proceedings consistent with this opinion.

---

3. On May 1, 1990, petitioner sought an additional $505 based upon a recalculation of her hourly rate and time added through March 15, 1990. Her request reflected 178.1 hours at $25 per hour for her out-of-court time and 1.5 hours at $35 per hour for court time, for a total of $4,505.