Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 11, 2018

**2018 CO 55**

**No. 18SA19, <u>In re People v. Sir Mario Owens</u>, Constitutional Law — Public Access to Court Records.**

In this original proceeding, the supreme court considers and rejects a news organization's contention that a trial court erred in refusing to grant public access to certain records maintained under seal in a capital murder case. The supreme court emphasizes that, while presumptive access to judicial proceedings is a right recognized under both the state and federal constitutions, neither the United States Supreme Court nor the Colorado Supreme Court has ever held that records filed with a court are treated the same way. The supreme court thus declines the invitation to hold that unfettered access to criminal justice records is guaranteed by either the First Amendment or Article II, section 10 of the Colorado Constitution.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 55

**Supreme Court Case No. 18SA19**
*Original Proceeding Pursuant to C.A.R. 21*
Arapahoe County District Court Case No. 06CR705
Honorable Christopher Munch, Senior Judge

**In Re**

**Plaintiff:**
The People of the State of Colorado,

v.

**Defendant:**
Sir Mario Owens.

**Rule Discharged**
*en banc*
June 11, 2018

**Attorneys for Petitioner The Colorado Independent:**
Ballard Spahr LLP
Thomas B. Kelley
Steven D. Zansberg
Gregory P. Szewczyk
  *Denver, Colorado*

**Attorneys for Respondent The District Court for the Eighteenth Judicial District of Colorado:**
Cynthia H. Coffman, Attorney General
Matthew D. Grove, Assistant Solicitor General
  *Denver, Colorado*

No appearance on behalf of Plaintiff or Defendant.

**JUSTICE HART** delivered the Opinion of the Court.

¶1 We accepted jurisdiction in this original proceeding to consider The Colorado Independent's contention that the Arapahoe County District Court erred in refusing to grant public access to certain records maintained under seal in a capital murder case. The Colorado Independent contends that the federal and state constitutions grant a presumptive right of access to documents filed in criminal cases. While presumptive access to judicial <u>proceedings</u> is a right recognized under both the state and federal constitutions, neither the United States Supreme Court nor this court has ever held that <u>records</u> filed with a court are treated the same way. We decline to conclude here that such unfettered access to criminal justice records is guaranteed by either the First Amendment or Article II, section 10 of the Colorado Constitution.

**I.**

¶2 Defendant Sir Mario Owens was convicted of first-degree murder and sentenced to death in 2008. In 2017, the trial court denied Mr. Owens's motion for post-conviction relief pursuant to Crim. P. 32.2, as well as his related motion to disqualify the District Attorney's Office for the 18th Judicial District and to appoint a special prosecutor. The basis for the motion to disqualify was an allegation that the District Attorney had failed to disclose evidence that would have been favorable to Mr. Owens's defense. Over Mr.

2

Owens's objection, the trial court issued a protective order, which remains in place today, sealing portions of the post-conviction motions practice.[1]

¶3 In 2017, The Colorado Independent ("Petitioner") filed a motion with the district court, asking the court to unseal the records, arguing that public access to the records was required by the First Amendment, Article II, section 10 of the Colorado Constitution, common law, and the Colorado Criminal Justice Records Act. The district court denied that motion, and Petitioner filed for relief under C.A.R. 21, limiting its request for relief to the argument that presumptive access to judicial records is a constitutional guarantee.

## II.

¶4 Relief under C.A.R. 21 is an extraordinary remedy limited in purpose and availability. C.A.R. 21; People v. Darlington, 105 P.3d 230, 232 (Colo. 2005). Our exercise of original jurisdiction is discretionary. Fognani v. Young, 115 P.3d 1268, 1271 (Colo. 2005). We have previously exercised our original jurisdiction to address public access to court documents. See, e.g., People v. Bryant, 94 P.3d 624, 625–26 (Colo. 2004); Times-Call Publ'g Co. v. Wingfield, 410 P.2d 511, 511–12 (Colo. 1966). Here, we do so once again.

---

[1] Mr. Owens filed a C.A.R. 21 petition with this court in March 2017 seeking to have the protective order vacated. We declined to issue a rule to show cause. See Order of Court, In re People v. Owens, No. 17SA59 (Colo. Apr. 7, 2017).

¶5	Because the availability of First Amendment protection presents a legal question, we review such challenges de novo. See Cotter v. Bd. of Trustees of Univ. of N. Colo., 971 P.2d 687, 690 (Colo. App. 1998) (citing Melton v. City of Oklahoma City, 879 F.2d 706 (10th Cir. 1989), modified on other grounds, 928 F.2d 920 (10th Cir. 1991), and Kemp v. State Bd. of Agric., 803 P.2d 498 (Colo. 1990)). De novo review is also appropriate for alleged violations of Article II, section 10 of the Colorado Constitution. See Robertson v. Westminster Mall Co., 43 P.3d 622, 625 (Colo. App. 2001) (citing Lewis v. Colo. Rockies Baseball Club, Ltd., 941 P.2d 266, 271 (Colo. 1997)).

¶6	Here, we reject Petitioner's constitutional arguments for mandatory disclosure of the records sealed in this matter.

¶7	We find no support in United States Supreme Court jurisprudence for Petitioner's contention that the First Amendment provides the public with a constitutional right of access to any and all court records in cases involving matters of public concern. Petitioner cites none. The Tenth Circuit has more than once declined to recognize a First Amendment right of access to court records. See, e.g., Lanphere & Urbaniak v. Colorado, 21 F.3d 1508, 1512 (10th Cir. 1994) ("[T]here is no general First Amendment right in the public to access criminal justice records."); United States v. Hickey, 767 F.2d 705, 709 (10th Cir. 1985) (distinguishing between the acknowledged right of the public and press to attend trial proceedings and a claimed of right to access court files).

¶8 Moreover, we have never recognized any such constitutional right—whether under the First Amendment or Article II, section 10 of the Colorado Constitution. Petitioner's near-exclusive reliance on this court's opinion in Wingfield is misplaced. In Wingfield, we analyzed a statutory prohibition against the inspection of court records in pending cases by non-parties. See 410 P.2d at 512. We concluded that while no "absolute right to examine" court records exists, inspection may be permitted "at the discretion of the court." Id. at 513. Contrary to Petitioner's assertion, this court did not hold in Wingfield that limiting access to court records violates the First Amendment. See id. We decline to do so now in the absence of any indication from the nation's high court that access to all criminal justice records is a constitutionally guaranteed right belonging to the public at large.

¶9 We also see no compelling reason to interpret our state constitution as guaranteeing such a sweeping—and previously unrecognized—right of unfettered access to criminal justice records. On the contrary, such a ruling would do violence to the comprehensive open records laws and administrative procedures currently in place—including, but not limited to, the Colorado Criminal Justice Records Act, §§ 24-72-301 to -309, C.R.S. (2017)—that are predicated upon the absence of a constitutionally guaranteed right of access to criminal justice records.

### III.

¶10 We affirm the denial of The Colorado Independent's motion to unseal the subject records and, consequently, discharge the rule.